MATTER OF ALONZO

In Section 212(i) Proceedings

A-22449562
A-22449563

*Decided by Commissioner May 25, 1979*

(1) The birth of a United States citizen child, whether or not born during a lawful stay of the parent(s) in the United States, is a favorable factor and must be accorded considerable weight in the adjudication of an application for the relief of a waiver of grounds of excludability under section 212(i) of the Immigration and Nationality Act, 8 U.S.C. 1182(i).

(2) The section 212(i) waiver should be granted in the exercise of discretion, where favorable factors are present, and there is absence of countervailing adverse factors.

(3) In a section 212(i) waiver case, there is no statutory or other requirement that extreme hardship be shown.

(4) Where applicants sought waiver of excludability based on violation of section 212(a)(19) of the Act, 8 U.S.C. 1182(a)(19), for obtaining visas by fraud and misrepresentation, such violation was not to be considered an adverse factor because it was the violation for which they sought to be forgiven.

ON BEHALF OF APPLICANTS: Raymond Campos, Esquire
Vivero & Campos
304 South Broadway
Suite 310
Los Angeles, California 90013

This is before the Commissioner on certification pursuant to 8 C.F.R. 103.4. On March 16, 1978, the District Director, in an appellate decision, upheld the decision of the Officer-in-Charge which denied the applications on the grounds that unfavorable factors outweighed the favorable ones and favorable discretion was not warranted in the cases.

The applicants are husband and wife, natives and citizens of Mexico, 34 and 26 years of age, respectively. They are the parents of two children, one of which was born in the United States and a citizen thereof. The other child is a citizen of Mexico. The applicants and their alien child have applied for immigrant visas at the American Consulate in Tijuana, Baja California, Mexico and have been found eligible

except for the excludability of the applicant-spouses under section 212(a)(19) of the Immigration and Nationality Act. The husband was found excludable under this section of law for having obtained a B-2 nonimmigrant visa by fraud on November 7, 1977, and the wife was likewise found excludable for having obtained nonimmigrant visas by fraud on March 25, 1976, and October 20, 1976. The fraud consisted of having informed the consular officers that the visas were desired for tourist purposes when in fact it was their intent to return to reside and work in the United States.

The records reflect that the male applicant was present in the United States for the majority of the time from 1971 until his departure to Mexico in 1977. His wife, from 1973 until 1977. During this time their United States citizen child was born and the husband was employed without authorization.

The Officer-in-Charge in his decision, took into account the age of the United States citizen child, now 5 years of age, the fact that she had never attended school in the United States, and that she spoke no language other than Spanish. From this, he concluded there would be no cultural shock if the child remained in Mexico with her parents. We also pointed out that the birth of a child in the United States after December 31, 1976, would not accord a benefit to the parents as it did prior to the amendment to the Act on the above date. The birth of a child before or after the above date is important in that birth prior to that date exempted an alien parent from the labor certification requirement of section 212(a)(14) of the Act, 8 U.S.C. 1182(a)(14) whereas birth after that date provided no such exemption. In this, the Officer-in-Charge sought to diminish the effect of the birth of the child as a favorable factor, which he described as an "accident of birth." As an adverse factor, he pointed to the applicants' demonstrated disregard of the law, including a statement in the decision not supported by the record, that the applicants have smuggled their Mexican citizen child into the United States.

In weighing the factors present in the case, the Officer-in-Charge concluded that there were no favorable or compelling humanitarian or other factors present and the favorable exercise of the Attorney General's discretion was not warranted.

In a brief submitted by the applicants' attorney in support of the appeal filed with the District Director he claims that relief should be granted for three reasons: (1) the applicants are parents of a United States citizen; (2) they are persons of good moral character; (3) the denial of the waiver would cause extreme hardship to them and to their United States citizen child. In expanding on the third part of this theme, he points out the rights of our citizens to reside in and receive the benefits of our country. He likewise contested the view of the

293

Officer-in-Charge that hardship would not accrue to the child by her forced absence from the United States.

The District Director, in his appellate decision, countered the attorney's argument by stating that courts have consistently held that the exclusion of a child's parents does not deprive the child of any constitutional rights. He also pointed out that the applicants have no family ties in the United States other then one sister of the male applicant, and that their past entries into the United States evidenced a disrespect of the law. As did the Officer-in-Charge, he depreciated the effect of the birth of the child in the United States while the parents were here in an illegal status, which he viewed as an unfair advantage over other aliens not in a similar familial condition. He concluded that there was an absence of substantial equities in the case and upheld the decision of the Officer-in-Charge.

Section 212(i) of the Act reads as follows:

(i) An alien who is the spouse, parent, or child of a United States citizen or of an alien lawfully admitted for permanent residence and who is excludable because (1) he seeks or has sought to procure, or has procured, a visa or other documentation, or entry into the United States by fraud or misrepresentation, or (2) he admits the commission of perjury in connection therewith, may be granted a visa and admitted to the United States for permanent residence, if otherwise admissible, if the Attorney Gerneral in his discretion has consented to the alien's applying or reapplying for a visa and for admission to the United States.

This section of law is significantly different from section 212(h) of the Act, 8 U.S.C. 1182(h), which precedes it. The same relationship is required but section 212(h) has the added requirement that extreme hardship must be shown. From this difference we must conclude that Congress intended that different standards be applied to the two parts with a more liberal standard to be applied to section 212(i), otherwise they would read the same.

In the cases at hand, statutory eligibility is present. The remaining requirement is to determine whether favorable discretion is in order. To make this determination we must look at the record. The United States citizen child is a favorable factor. It will be deprived to some extent if it must remain with its parents in Mexico. Obtaining visas by fraud and misrepresentation shows disrespect for the law, but this is the action for which they seek to be forgiven and should not be held as an adverse factor. Other than this, there is nothing of record which indicates that they are not persons of good moral character.

It is felt that the birth of a United States citizen child, whether born during a lawful of unlawful stay of the parent or parents in the United States, must be accorded considerable weight in the adjudication of a section 212(i) waiver application, and in the absence of other strong countervailing factors, the application for waiver should be granted.

There should be no showing of extreme or unusual hardship required. This circumstance should not result, however, in pro forma approval of such applications when the entry of the alien would be against the public interest of the United States or where other strong adverse factors are present. No simple formula is available nor desirable in adjudicating those applications, but must be approached on an individual basis. As a general rule, however, the requisite relationship is sufficient to result in the favorable exercise of discretion absent substantially unfavorable factors.

A careful review of the cases at hand indicates that they meet the above criteria and they will be approved.

**ORDER:** The decision of the District Director is withdrawn and the applications are approved.